*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JOSE TELLO, JR.,

       Defendant-Appellant.

UNPUBLISHED
April 25, 2024

No. 354623
Saginaw Circuit Court
LC No. 18-045702-FC

ON REMAND

Before: SWARTZLE, P.J., and HOOD and GARRETT, JJ.[1]

PER CURIAM.

This matter returns to this Court on remand from our Supreme Court for reconsideration in light of *People v Posey*, 512 Mich 317; 1 NW2d 101 (2023). *People v Tello*, 997 NW2d 208 (2023). We remand for further proceedings consistent with this opinion.

In a prior opinion, this Court set forth the facts of the case as follows:

> Defendant sexually assaulted a young boy in October 2018. Defendant lured the victim into his vehicle by claiming he needed help driving and asking the victim if he would like to learn how to drive. The victim said that he would like to learn and entered defendant's vehicle. Defendant drove to a secluded road, allowed the victim to drive the vehicle for a short period, and then drew a knife and sexually assaulted the victim. The victim escaped and ran to a nearby house for help.

> Defendant pleaded *nolo contendere* to kidnapping, MCL 750.349(1)(f); MCL 750.349(3), felonious assault, MCL 750.82(1), and three counts of first-

---

[1] Judge Hood has been designated to serve in the stead of Judge Jane M. Beckering, and Judge Garrett for Judge Douglas B. Shapiro, who each sat on the panel that heard this case on direct appeal.

degree criminal sexual conduct (CSC-I) (personal injury), MCL 750.520b(1)(f). The trial court sentenced defendant to serve 450 to 900 months of imprisonment for his kidnapping and CSC-I convictions, and 24 to 48 months of imprisonment for his felonious-assault conviction. [*People v Tello*, unpublished per curiam opinion of the Court of Appeals, issued September 30, 2021 (Docket No. 354623)].

This Court affirmed defendant's sentences on direct appeal on the basis that the sentences fell within the sentencing guidelines. *Tello*, unpub op at 1. When defendant appealed, our Supreme Court held the case in abeyance pending the outcome in *Posey* and *People v Stewart*, 512 Mich 472; 999 NW2d 717 (2023). *People v Tello*, 971 NW2d 621 (2022). Following its decision in *Posey*, our Supreme Court remanded this case to this Court. *Tello*, 997 NW2d at 208.

"[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.'" *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). In *Posey*, 512 Mich at 360, our Supreme Court held "that defendants may challenge the proportionality of any sentence on appeal and that the sentence is to be reviewed for reasonableness." There exists a presumption that a within-guidelines sentence is proportionate, but that presumption may be overcome. *Id*. A "defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate." *Id*. at 357.

Here, defendant's sentencing guidelines for his CSC-I and kidnapping convictions provided for a minimum sentence of 270 months to 450 months of imprisonment. The trial court sentenced defendant to a minimum of 450 months of imprisonment for each of his CSC-I convictions and the kidnapping conviction. All sentences were to be served concurrently. The trial court explained that defendant was "a bad guy" who "need[ed] to go to prison and never get out again." The trial court did not otherwise explain its justification for the sentence. A sentencing court need not "give a detailed on-the-record explanation of one or more specific factors." *People v Boykin*, 510 Mich 171, 192; 987 NW2d 58 (2022). A court must, however, "justify the sentence imposed in order to facilitate appellate review." See also *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015).

Therefore, on remand, the trial court is to articulate its reasons for defendant's sentences or to resentence defendant.

Remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Noah P. Hood
/s/ Kristina Robinson Garrett